GREAT SOUTHERN SAVINGS & LOAN ASSOCIATION, Respondent,

v.

Dan WILBURN and Karen Wilburn, Appellants.

No. 76736.

Supreme Court of Missouri, En Banc.

Nov. 22, 1994.

Thomas W. Millington, Springfield, for appellants.

Gary E. Bishop, Springfield, for respondent.

BENTON, Judge.

On May 30, 1990—the day after the last answer was due—the circuit court entered a default judgment against both the Wilburns. Two days later, they moved to set aside the default judgment. The trial court denied the motion; the Wilburns appeal; this Court has jurisdiction. *Mo. Const. art. V, § 10.* Affirmed as to Appellant Dan Wilburn; reversed and remanded as to Appellant Karen Wilburn.

### I.

Dan Wilburn and Karen Wilburn individually guaranteed a note to Great Southern Savings & Loan Association. The primary

borrower went bankrupt, and Great Southern sued the Wilburns. Dan was served on April 25, Karen on April 27. On April 25, Dan delivered the summons and petition to attorney Calvin Holden, and discussed retaining him. Later, Holden told the Wilburns that he would not be their counsel. The Wilburns then decided to retain attorney Thomas Millington.

Millington conditioned his representation on the Wilburns' delivering to him Holden's case file. The Wilburns claim that, several times in May, they asked Holden's office to send the file to Millington. On May 29—the day Karen's answer was due—Dan retrieved the file from Holden's office and delivered it to Harold Glass, an attorney in Millington's firm. The trial court found that the Wilburns retained an attorney on May 29.

That afternoon, Glass called Great Southern's lawyer, Gary Bishop, who did not return the call. The next morning, Glass again called Bishop. Bishop called back that afternoon and told Glass that the trial court had that morning entered a default judgment (on his motion) against both Wilburns, for $487,-662.89 plus $14,000 in attorneys' fees.

Two days later, on June 1, the Wilburns filed a motion to set aside the default judgment. After an evidentiary hearing, the trial court denied the motion.

## II.

■ Great Southern raises a threshold issue: Does the Wilburns' point relied on comply with Rule 84.04(d)? That rule provides:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder.

The "wherein and why" clause requires (1) a statement approximating what appellant believes the trial court's conclusion of law should have been, and (2) references to testimony or evidence supporting the ruling sought. *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978).

■ The Wilburns' sole point reads in total:

THE COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT, AS AMENDED, BECAUSE THE MOTION AND EVIDENCE PRESENTED CLEARLY ALLEGED MERITORIOUS DEFENSES AND SUBSTANTIATED GOOD CAUSE WITHIN THE MEANING AND SCOPE OF RULE 74.05(c).

This point fails to make any reference to testimony or evidence supporting the ruling the Wilburns sought from the trial court. Indeed, it fails even to mention what meritorious defense was alleged and what good cause justified the Wilburns' failure to answer on time. Thus, the point fails to comply with Rule 84.04(d). *See Thummel,* 570 S.W.2d at 685. Because the Wilburns' contentions can be understood from the argument portion of their brief, this Court, in its discretion, reviews the Wilburns' claims. *See Doe v. Roman Catholic Diocese of Jefferson City,* 862 S.W.2d 338, 340 n. 5 (Mo. banc 1993). However, because the allegations of error are not properly briefed, this Court reviews only for plain error that causes "manifest injustice or miscarriage of justice." *Rule 84.13(c).*

## III.

■ A trial court may set aside a default judgment "[u]pon motion stating facts constituting a meritorious defense and for good cause shown." *Rule 74.05(d).* Good cause includes "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* The motion to set aside must be made "within a reasonable time not to exceed one year after the entry of the default judgment." *Id.*

Here, the trial court made no findings whether the Wilburns stated facts constituting a meritorious defense or whether their motion was made within a reasonable time. It denied the Wilburns' motion to set aside the default judgment solely on good cause grounds, finding:

The issue is whether good cause has been shown to set aside the Default Judgment. The Court is persuaded that the

Judgment entered was appropriate and that the delay of Defendants in retaining an attorney and entering an appearance before they became in default was designed to delay the Judicial Process. The evidence demonstrates that the Defendants are familiar with litigation procedure and were using attorney services in other litigation.

The trial court based its conclusion of "no good cause" on a key finding:

It is clear from the testimony that he [Dan Wilburn] did not retain his present attorneys until May 29, 1990 for the purpose of defending the Petition. **By that time, they were in default** and on the next day a Judgment was entered. (Emphasis added).

Karen Wilburn was served April 27. Her answer was due May 29 because May 27 was a Sunday and May 28 was Memorial Day. Thus, the trial court's key finding—that "they" (both Wilburns) were in default on May 29 when they retained an attorney—is wholly unsupported by evidence.

 Based on the actual facts, the conclusion that Karen Wilburn failed to show good cause is a plain error. A defaulted defendant shows good cause by proving that he or she did not recklessly or intentionally impede the judicial process. Here, by the end of her answer period, Karen had hired a lawyer who was trying to contact Great Southern's counsel. On the first possible morning, the trial court entered a default judgment against her. Karen then moved promptly to set that judgment aside. These facts do not support that Karen recklessly or intentionally impeded the judicial process. Being unsupported by the record, the order denying her motion is plain error. *Rule 84.13(c)*.

 Conversely, the trial court committed no error in overruling Dan's motion to set aside. The trial court's finding that Dan was in default before hiring an attorney is supported by substantial evidence. The default judgment was entered on the fifth day after Dan's answer was due. At the end of his answer period, Dan had failed even to hire a lawyer. On these facts, the trial court could

have reasonably concluded that Dan recklessly or intentionally impeded the judicial process. Equally, however, using Dan's conduct to impose a half-million dollar judgment on Karen is "manifest injustice or miscarriage of justice." *Rule 84.13(c)*.

The trial court expressly invoked the Wilburns' familiarity with litigation and hiring attorneys for other cases. In view of the trial court's plain error, this familiarity and experience, standing alone, does not support the conclusion that Karen intentionally or recklessly impeded the judicial process.

### IV.

The circuit court's Order Overruling Motion To Set Aside dated November 9, 1990 is affirmed as to Appellant Dan Wilburn but reversed as to Appellant Karen Wilburn, and the case is remanded for further proceedings consistent with this opinion.

HOLSTEIN, THOMAS, PRICE, LIMBAUGH and ROBERTSON, JJ., concur.

COVINGTON, C.J., concurs in part and dissents in part in separate opinion filed.

COVINGTON, Chief Justice, concurring in part and dissenting in part.

I concur in the principal opinion to the extent that it affirms the trial court's judgment as to Dan Wilburn. I cannot join the principal opinion to the extent that it stands for the proposition that a party has no responsibility to exercise diligence in obtaining legal representation. As to the reversal of the trial court's judgment refusing to set aside Karen Wilburn's default, I respectfully dissent.

Because the Wilburns failed properly to present their arguments to this Court, the judgment of the trial court is reviewable only for plain error. Rule 84.13(c) states: "Plain errors affecting substantial rights may be considered on appeal ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c) contemplates granting relief when the result below is plainly unjust. Even assuming that the trial court's finding that

both Wilburns were in default when they retained an attorney is wholly unsupported by evidence, the issue before this Court is whether the trial court's judgment subjects Mrs. Wilburn to a manifest injustice or miscarriage of justice.

Mrs. Wilburn was served on April 27. Rule 55.25(a) specifies that an answer is due within thirty days. Mrs. Wilburn's answer was due on May 29 because the thirtieth day was during a holiday weekend. Rule 44.01(a). Rule 74.05(a) provides, in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, ... a judgment may be entered against the defaulting party." These rules are not ambiguous or imprecise. They clearly instruct parties as to the time limits for filing and the consequences of failure to comply.

Evidence of Mrs. Wilburn's activities before the expiration of the answer period is clearly relevant to her state of mind. Such evidence is helpful to show whether she intentionally or recklessly failed to answer on time. One acts recklessly if he or she does so "with indifference to consequences." Black's Law Dictionary 1270 (6th ed. 1990); *see also In re Marriage of Williams,* 847 S.W.2d 896, 900 (Mo.App.1993) (reckless, in default judgment context, means "lacking in caution" or "deliberately courting danger").

The trial court found that Mrs. Wilburn had been involved in prior litigation. Mrs. Wilburn retained counsel only on the day her answer was due. Mrs. Wilburn does not dispute that she failed to answer within the time allowed by the rules of this Court. Reviewing the trial court's judgment under the plain error standard, it cannot fairly be said that an experienced litigant who fails to exercise reasonable diligence in retaining counsel, retains counsel only on the afternoon of the last day of the answer period, fails to seek additional time in which to answer, and fails to file a timely answer suffers a manifest injustice or miscarriage of justice when a default judgment entered against her is not set aside. Nothing in the rules or decisions of this Court indicates that it is unjust to make a party bear the consequences of a default.

The trial court's judgment as to Mrs. Wilburn should be affirmed.