**Rhonda J. BRANTS and Enlightened Reading, Inc., Appellants,**

v.

**Kenneth FOSTER and Jean P. Moore, Respondents.**

**No. WD 51630.**

Missouri Court of Appeals, Western District.

July 23, 1996.

Sharlie Pender, Independence, for appellants.

Edward L. Pendleton, Kansas City, for respondents.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Enlightened Reading, Inc. (Enlightened) and Rhonda Brants appeal the order of the trial court dated February 23, 1995, setting aside a default judgment in their favor and against Kenneth Foster and Jean Moore. They assert that Respondents' Rule 74.05(c) motion to set aside the default judgment neither stated good cause for Respondents' failure to answer, nor did it set forth a meritorious defense as the rule requires.

The order of the trial court is reversed.

This litigation stems from business dealings involving Enlightened and Mr. Foster. They, along with Harry Harrison, formed a corporation known as Real Touch, Incorporated. Ms. Brants worked as a bookkeeper for Real Touch and was also a member of the Board of Directors and officer of the corporation. The corporation operated out of a building owned by Mr. Foster. The business relationship disintegrated and ultimately resulted in a judgment being entered on March 11, 1993, in favor of Ms. Brants and Enlightened and against Mr. Harrison and Mr. Foster.

In attempting to execute on their March 11 judgment, Enlightened and Ms. Brants discovered that Mr. Foster had transferred all his interest in real property to Jean Moore. Ms. Brants and Enlightened then filed suit to have the transfers declared fraudulent and void and to permit them to levy on the property and apply the proceeds of the property in partial satisfaction of their judgment. Mr. Foster was personally served on October 30, 1994, and Ms. Moore was personally served on November 1, 1994. Neither Mr. Foster nor Ms. Moore filed response to the summons and pleadings. The court entered default judgment on February 23, 1995, thereby allowing Enlightened and Ms. Brants to execute upon the real property that had been transferred to Ms. Moore. On June 15, 1995, Mr. Foster and Ms. Moore filed a motion to set aside the default judgment of February 23, 1995. The court granted the motion on August 11, 1995. This appeal followed.

Rule 74.05(d) provides when a default judgment may be set aside. The rule states in relevant part:

Upon a motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

Rule 74.05(d) requires assertion of sufficient facts to constitute both a meritorious defense and good cause shown. "Good cause shown" is an excuse for nonappearance. *Rice v. Rice*, 757 S.W.2d 644, 645 (Mo.App.1988). Failure to establish either one of these elements negates the necessity of considering the other. *Harris v. Mitchell Transport, Inc.*, 812 S.W.2d 183, 184 (Mo.App.1991).

Generally, setting aside a default judgment is a matter left to the discretion of the trial court. *In re Marriage of Pierce*, 867 S.W.2d 237, 238 (Mo.App.1993). Appellant courts interfere with the trial court's ruling only if an abuse of discretion resulted. *Harris*, 812 S.W.2d at 184.

## I. Good Cause Shown

The only excuse provided for the movants' non-appearance is the statement within their motion to set aside which states, "That Defendant engaged the services of the undersigned lawyer who failed to docket the pleading and file an answer the petition was misfiled and defendant thought the lawyer had filed a response to the petition in a timely manner." No affidavits or exhibits were attached to the motion.

A trial court may set aside a default judgment "[u]pon motion stating facts constituting a meritorious defense and for good

cause shown." Rule 74.05(d). Good cause includes "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Great Southern Sav. & Loan Ass'n v. Wilburn*, 887 S.W.2d 581, 583 (Mo. banc 1994). Therefore, a defaulting defendant shows good cause by providing that he or she did not recklessly or intentionally impede the judicial process. *Id.*

■■■ The defendant must be free from negligence in order to have a reasonable excuse for allowing a default judgment to occur. *Rice*, 757 S.W.2d at 645. Negligence of counsel is imputed to the client in determining whether default judgment should be set aside. *Hellwege v. Lamb*, 739 S.W.2d 594 (Mo.App.1987). Whether the mere assertion that counsel failed to "docket the pleading and file the answer," without more, shows that the defendant was not reckless and did not intentionally impede the judicial process or that defendant was not negligent need not be determined because the issue of whether movants established a meritorious defense is dispositive.

## II. Meritorious Defense

■■■ Movants failed to establish a meritorious defense as required by Rule 74.05(c). While the defense need not be conclusively proven, the movant must present an arguable theory that would defeat the force of the plaintiff's claim. *McClelland v. Progressive Casualty Ins. Co.*, 790 S.W.2d 490, 493 (Mo. App.1990); *Magee v. Magee*, 904 S.W.2d 514, 519 (Mo.App.1995). In determining whether the pleadings satisfy the requirements, this court examines the allegations in the motion and any affidavits, exhibits and proposed answers. *Magee*, 904 S.W.2d at 519. As stated previously, the movants did not provide any additional evidence with their motion. The motion made the following assertions relating to their defense:

3. That Defendant Foster and Defendant Moore has precise and absolute defense to this action. . . .

5. This action by the Plaintiffs is a misrepresentation of facts and the initial judgment in Case No. was by default and there never has been a hearing on the facts. The defendant deserves a hearing on the facts.

6. Defendant Jean P. Moore knew nothing about the Plaintiff and has no connection with the business dealing of the Plaintiff and defendant in fact she had a relationship with Defendant Foster long before the Plaintiff even knew Mr. Foster.

7. Defendant Foster's only involvement in the alleged business dealing with the Plaintiff was to lease it a store front building to house their equipment. Foster cancelled the lease because the Plaintiff insisted on conduction unethical and City code violation type business in his building. The Plaintiff corporation manufactured plastic replicas of body parts for the use in Enlightened Reading, Inc. Adult bookstore and mail order business around the country.

8. The facts are that the Plaintiff participated in the formation of a corporation in the State of Missouri, Real Touch, Inc. with the defendant and the Plaintiff was to invest monies by the purchase of stock in this corporation and the defendant Foster was to be an officer and lease a building to the corporation (SEE ATTACHED EXHIBIT A and B) The Plaintiff and or its agent controlled the corporation and the monies through Brants. Plaintiff could not control the artist who left the corporation which caused the investment by all involved to dissolve. That the Plaintiff received all the assets of the corporation and all the manufacturing equipment, molds and all stock in said corporation.

Nothing within these assertions relates to the default judgment entered in this case, Circuit Court No. CV93–018240, on February 23, 1995. This case concerns the default judgment regarding the claimed fraudulent transfer of real property between Mr. Foster and Ms. Moore. The assertions within the movants' motion appear to be related to the default judgment entered in another case, Circuit Court No. CV92–21305, on March 11, 1993.[1] The March 11, 1993, judgment grant-

---

1. A motion to set aside a default motion must be made within a reasonable time not to exceed one year after the entry of the default judgment. Rule 74.05(d). More than one year has passed

ed Enlightened and Ms. Brants a money judgment against Mr. Foster. The execution of the March 11, 1993, judgment resulted in discovery of the transfer of assets to Ms. Moore. No facts relevant to the present issue are stated within the motion. Mr. Foster and Ms. Moore have not set forth facts which, if proved, would constitute a meritorious defense. Although the trial court's decision is more likely to be interfered with when the motion to set aside the judgment has been denied than when it has been granted, *Vandergriff v. Missouri Pacific R.R.*, 769 S.W.2d 99, 101 (Mo. banc 1989), granting the motion where a meritorious defense has not been stated is an abuse of discretion.

The trial court's order setting aside the default judgment is reversed, and the case is remanded with direction that the default judgment be reinstated.

All concur.

since the entry of the judgment in case CV92–21305, which granted the underlying money

judgment to the appellants in this case.