John R. STRADFORD, Respondent,

v.

Vickey L. CAUDILLO, Appellant.

No. WD 54716.

Missouri Court of Appeals, Western District.

May 5, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1998.

Application for Transfer Denied Aug. 25, 1998.

Richard F. Modin, Kansas City, for Appellant.

Dennis J.C. Owens, Kansas City, James W. Thompson, Raymore, for Respondent.

Before HOWARD, P.J., and BRECKENRIDGE and SPINDEN, JJ.

HOWARD, Presiding Judge.

Vickey Caudillo appeals from the trial court's denial of her motion to set aside the default judgment against her pursuant to Rule 74.05 V.A.M.R. Caudillo raises two points on appeal. First, she contends that the trial court erred in failing to hold an evidentiary hearing on her motion. Second, she contends that the trial court erred in denying her motion because she showed good cause and she had a meritorious defense.

Affirmed.

### Facts

On July 12, 1995, Vickey Caudillo lost control of her car when she slammed on her brakes trying to avoid cars in front of her. When she applied the brakes, her car went sideways into the lane in which John Stradford was driving. Caudillo's car collided with Stradford's pickup truck. The police report listed under "probable contributing circumstances" inattention by Caudillo. Both cars required repairs.

On September 16, 1996, Stradford filed a petition for damages, which was served upon Caudillo. However, Caudillo did not file an answer or any other responsive pleading. Caudillo failed to notify an attorney or her insurance company of the fact that she had been sued.

Long after the time to file an answer had passed, Stradford moved for an interlocutory order of default. On February 26, 1997, the circuit court granted the interlocutory default. A hearing concerning the issue of Stradford's damages was scheduled for March 10, 1997. Notice of that hearing and a copy of the interlocutory order were sent to Caudillo by certified mail on February 28, 1997.

On March 10, 1997, the hearing on damages was held. Stradford appeared, but Caudillo did not. At the hearing, Stradford testified as to the circumstances involving the collision, his injuries, subsequent medical treatment, and damages. Stradford testified that he initially did not have extreme pain. However, within a week of the accident, his back symptoms steadily progressed, and the suffering increased. He sought treatment from Dr. Mary Ricky, a chiropractor. He also sought treatment from Dr. Gracheck, a medical doctor. He received shots of pain-killing medication and a prescription from

Dr. Gracheck. Despite the treatment from the two doctors, Stradford's pain persisted. Stradford then had an MRI performed on his back. The results of the MRI showed that he had a herniated disk and a bulging disk in the lower part of his back.

Stradford went to Dr. Edwin MacGee, a neurologist, for help. Dr. MacGee administered three epidural block treatments. Stradford testified that the blocks initially relieved the pain, but it returned shortly thereafter. Dr. MacGee performed a myelogram on Stradford's back in January 1996. From the results, Dr. MacGee recommended that Stradford have surgery. However, Stradford could not afford the surgery and has had to continue living with the pain.

Stradford is 41 years old and a concrete finisher by trade. He testified that a person in that profession made approximately $25.00 per hour. Prior to the accident, he had an income of $35,000.00 per year. Stradford testified he had lost approximately $25,000.00 in wages over the past year from his injuries.

The trial court awarded a judgment of $300,000.00 plus costs in Stradford's favor on March 13, 1997. Caudillo filed a motion to set aside the default judgment pursuant to Rule 74.05 on July 12, 1997. Stradford filed suggestions in opposition to the motion to set aside the default judgment on July 21, 1997. Caudillo filed a second set of suggestions in support of the motion on July 23, 1997. On July 29, 1997, the circuit court issued its order denying Caudillo's motion to set aside the default judgment. This appeal followed.

### Point I

■ Caudillo's first point on appeal is that the trial court erred in refusing to hold an evidentiary hearing on her Rule 74.05 motion. Entitlement to an evidentiary hearing on a motion to set aside a default judgment depends on meeting the pleading requirements of Rule 74.05.[1] *Bredeman v. Eno,* 863 S.W.2d 24, 25 (Mo.App. W.D.1993). Under the explicit terms of Rule 74.05(d), a motion to set aside a default judgment must state facts constituting both a meritorious defense and good cause for the default. *Id.* For reasons that are discussed under Point II, it is our opinion that the trial court reasonably found that Caudillo's motion did not state facts constituting good cause. Therefore, Caudillo did not meet the pleading requirements of Rule 74.05(d), and she was not entitled to an evidentiary hearing.

### Point II

■ Caudillo's second point on appeal is that the trial court erred in denying her motion because she showed good cause and she had a meritorious defense. Under Rule 74.05, a default judgment may be set aside upon a motion stating facts constituting a meritorious defense and for good cause shown. *State ex rel. DFS v. Sutherland,* 916 S.W.2d 818, 821 (Mo.App. W.D.1995). The trial court has the discretion to set aside a default judgment, and the trial court's decision in that regard will generally not be interfered with unless the record convincingly indicates an abuse of discretion. *Id.* However, the discretion not to set aside a default judgment is a good deal narrower than the discretion to set one aside, with the result that appellate courts are more likely to interfere when the trial court has denied such a request. *Id.*

In *Great Southern Savings & Loan Association v. Wilburn,* 887 S.W.2d 581, 584 (Mo. banc 1994), the Missouri Supreme Court applied the standard of Rule 74.05(d) and stated the rule to be that "[a] defaulted defendant shows good cause by proving that he or she did not recklessly or intentionally impede

---

1. Rule 74.05 was amended in 1993. As a result, the former subsection c is the current subsection d. Rule 74.05(d) provides as follows:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

the judicial process." In *Great Southern*, the court considered the trial court's denial of a motion to set aside a default judgment against two guarantors, Dan and Karen Wilburn, for $487,662.89, plus $14,000.00 in attorney fees. *Id.* at 583. By the end of her answer period, Karen Wilburn had hired an attorney who was trying to contact opposing counsel. *Id.* at 584. On the first possible morning, the trial court entered a default judgment against her. *Id.* Karen then moved promptly to set that judgment aside. *Id.* The Supreme Court found that the trial court erred in entering the default judgment against Karen. *Id.* Conversely, the Supreme Court found that the trial court did not err in overruling Dan Wilburn's motion to set aside the judgment. *Id.* The default judgment was entered on the fifth day after Dan's answer was due, and Dan had failed "even to hire a lawyer" by the end of his answer period. The Supreme Court held that on these facts, the trial court could have reasonably concluded that Dan recklessly or intentionally impeded the judicial process. *Id.*

In *Robson v. Willers*, 784 S.W.2d 893, 896 (Mo.App. W.D.1990), one of the appellants in an action to set aside the trial court's default judgment asserted as his excuse for failure to answer and appear that he paid no attention to the summons because he was busy, had family troubles and did not understand the meaning of a default judgment. The other appellant said she ignored the summons directed toward her because she had not had anything to do with the funds in question and did not understand the summons. *Id.* We held that the appellants' reasons for failing to answer and appear did not constitute good cause. *Id.* While we applied a negligence standard rather than a recklessness or intentional standard in that case, in a subsequent case we found that the conduct of the appellants in *Robson*, which amounted to a conscious choice to ignore the summons, could accurately be called recklessness. *Bell v. Bell*, 849 S.W.2d 194, 198 (Mo.App. W.D. 1993); *see also Myers v. Pitney Bowes, Inc.*, 914 S.W.2d 835, 839 (Mo.App. S.D.1996) (the conduct of appellants in *Robson* amounted to a conscious choice to ignore the summons which amounted to recklessness).

As in *Great Southern* and *Robson*, the facts in this case indicate that Caudillo's conduct was recklessly designed to impede the judicial process. The default judgment was not entered until several months after Caudillo's answer was due, and Caudillo did not hire a lawyer until months after her answer period had ended. Caudillo offered several reasons for not participating in the proceeding. Her reasons included being a single parent of four children, not realizing that she could turn the matter over to her insurance company, worries about being laid off at her job, and the fact that she had no insurance, no money, and no attorney. Caudillo also suggested she did not participate in the proceeding because she did not believe the accident caused injury to Stradford and she did not believe the court would award Stradford such a high amount of damages. However, the trial court did not find that Caudillo's circumstances showed good cause for completely ignoring a judicial proceeding, and neither does this Court. When a litigant chooses to ignore or act in reckless disregard of the rules and procedures set out for the orderly administration of the judicial process, he cannot then be heard to complain when he receives no relief under its rules, particularly Rule 74.05(d). *Crowe v. Clairday*, 935 S.W.2d 343, 347 (Mo.App. S.D.1996).

Because we find that Caudillo did not show good cause, there is no need to discuss whether her motion stated facts constituting a meritorious defense. *Brants v. Foster*, 926 S.W.2d 534, 535 (Mo.App. W.D.1996).

The judgment of the trial court is affirmed.

All concur.