**Dale SEARS, Respondents,**

v.

**DENT WIZARD INTERNATIONAL CORPORATION, et al.,**
**Appellant.**

**No. ED 75299.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 7, 2000.

Edward C. Kruse, Kruse, Reinker & Hamilton, L.L.C., Clayton, for appellant.

Jason M. Rugo, Roger W. Pecha, Jenkins & Kling, P.C., Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Dale Sears, ("appellant"), appeals the judgment of the Circuit Court of St. Louis County, denying his motion to set aside a default judgment entered against him. We affirm.

Appellant resides in the City of Belle River in the Province of Ontario, Canada. Appellant was hired by Dent Wizard (Canada) Ltd., ("DWCL") on August 25, 1995 to perform paintless dent removal services. DWCL is an Ontario corporation and is a franchisee of Dent Wizard International Corporation ("DWIC"). DWIC is a Florida corporation, which maintains its principle place of business in St. Louis, Missouri. As part of his training, appellant attended a two-month training seminar at DWIC in St. Louis. Appellant signed a Technician

Employment Agreement ("employment agreement") with DWCL, and also signed a Trainee Secrecy, Noncompete and Nondisclosure Agreement ("secrecy agreement") with DWIC. The employment agreement contained a forum selection clause that permitted enforcement of the agreement in the courts of Ontario, Canada. The secrecy agreement contains a forum selection clause designating Missouri as the selected forum. Appellant remained an employee of DWCL until September, 1996.

On October 11, 1996, DWIC and DWCL, ("respondents") filed suit in Canada against appellant. Respondents sought relief in the form of an injunction and damages for the breach of fiduciary duty, unlawful interference with economic relations, and breach of contract. Respondents partially based their suit on the secrecy agreement. At the preliminary injunction hearing in Canada, appellant argued that because of the secrecy agreement's forum selection clause, the Canadian court should decline jurisdiction of any disputes under the secrecy agreement and the exclusive jurisdiction for such a dispute should be Missouri. The Canadian court agreed with appellant and held: "[n]o evidence or law was given to me supporting an ouster of that choice of forum.... A claim for injunctions based on the Secrecy Agreements must fail."

As a result of this ruling, respondents commenced an action in Missouri on October 28, 1997. Appellant was personally served in Canada, on December 11, 1997, in accordance with Article 6 of the Hague Convention. Appellant consulted with his Canadian counsel with regard to the Missouri proceedings. Appellant's Canadian counsel informed him that he need not defend the Missouri case because any resulting judgment in Missouri could not be enforced in Ontario, Canada.

On January 16, 1998, the trial court in Missouri issued an interlocutory default judgment against the appellant for failing to plead or otherwise respond to the petition within 30 days of service. On February 3, 1998, the trial court granted judgment in favor of respondents for $75,221.49.[1]

Later, appellant's Canadian counsel changed their opinion as to the enforceability in Ontario of a judgment in the Missouri action, and retained counsel from Missouri to defend appellant in the Missouri action. On March 11, 1998, respondents filed an action to domesticate the default judgment in Canada.[2] On July 27, 1998, appellant's Missouri counsel filed a motion to set aside the default judgment of February 3, 1998. On August 5, 1998, the trial court entered an order granting appellant's motion to set aside the default judgment. On August 10, 1998, the trial court, on its own motion, set aside the order of August 5, 1998, and reinstated the default judgment, but set aside the damage award of $75,221.49 that was granted on February 3, 1998. A damage hearing was held. At the hearing, respondents entered exhibit 1 (invoices supplied by appellant at the Canadian hearing) and exhibit 2 (summary of plaintiff damages). Appellant objected to the admission of exhibit 1 because it did not comply with section 490.692, RSMo 1994, business record statute. Appellant's objection was overruled. The trial court's final order and judgment was entered on October 1, 1998, granting judgment in favor of respondents in the total sum of $40,587.00. Appellant's motion for new trial was denied. Appellant appeals.

Appellant raises four points on appeal. Appellant argues that the trial court erred: 1) in denying his motion to set aside the default judgment, 2) in refusing to set

---

1. Respondents acknowledge that the judgment was based on an erroneous calculation of lost gross profits, instead of net profits.

2. On May 28, 1999, the Canadian court confirmed the domestication of the default judgment obtained in Missouri, subject to the disposition of the instant appeal in Missouri.

aside the default judgment without conducting an evidentiary hearing, 3) in entering a default judgment when it lacked jurisdiction over the subject matter, and 4) in admitting respondents' exhibit 2 over his objection at the hearing on damages.

■ The trial court has the discretion to set aside a default judgment, and appellate courts will not interfere with the trial court's judgment unless the record convincingly indicates an abuse of discretion. *Stradford v. Caudillo*, 972 S.W.2d 483, 485 (Mo.App. W.D.1998).

■ In his first point, appellant argues that the trial court erred in denying his motion to set aside the default judgment because he satisfies the requirements of Rule 74.05(d). Appellant alleges he stated facts constituting several meritorious defenses. He claims that he was able to present evidence that he did not breach either the employment agreement or the secrecy agreement because based on the employment agreement's plain language, the pending Canadian litigation and Canada's greater interest in this matter, "the Missouri court should voluntarily decline to exercise jurisdiction." Appellant also claims that he stated good cause in that his initial decision not to defend the Missouri proceedings was a good faith mistake and he did not intentionally or recklessly impede the judicial process.

■ Rule 74.05(d) provides: "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside." Rule 74.05(d). It further provides that the motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. *Id.* "Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* "In close cases, deference must be given to the determination of the trial judge as to whether conduct in a particular case is excusable as not being reckless or intentional." *Bell*

*v. Bell*, 849 S.W.2d 194, 198 (Mo.App. W.D. 1993).

In the case at bar, respondents filed a suit against appellant in Canada. Appellant persuaded the Canadian court to decline jurisdiction, in that jurisdiction lies in Missouri. Respondents then filed suit in Missouri. Appellant was properly served with process. Following his counsel's decision, appellant intentionally declined to defend the case in Missouri, hoping the Missouri judgment would not be enforced in Canada. Furthermore, in one of his allegations for meritorious defense, appellant asked the Missouri court to voluntarily decline jurisdiction, so that the Canadian courts will exercise jurisdiction over the case, notwithstanding the fact that it was appellant who earlier persuaded the Canadian court to decline jurisdiction. Appellant's actions do not suffice for good cause as required under Rule 74.05(d) because his conduct is recklessly designed to impede the judicial process. Thus, the trial court did not abuse its discretion in denying appellant's motion to set aside the default judgment.

■ In his second point, appellant argues that the trial court erred in refusing to set aside the default judgment without an evidentiary hearing because his motion to set aside the default judgment pleaded both good cause and a meritorious defense without prejudice to respondents. In addition, appellant argues that the trial court's judgment should be reversed because the trial court's order did not state the reasons or grounds upon which the motion was denied.

■ A movant is entitled to an evidentiary hearing on a motion to set aside a default judgment if the pleading requirements of Rule 74.05 are met. *Stradford*, 972 S.W.2d at 485. "Under the explicit terms of Rule 74.05(d), a motion to set aside a default judgment must state facts constituting both a meritorious defense and good cause for default." *Id.* In *Stradford*, the court held the defendant did not

meet the pleading requirements of Rule 74.05(d) and was not entitled to an evidentiary hearing because the defendant's motion did not state facts constituting good cause. *Id.* The facts alleged by defendant included that she had no insurance, no money, no attorney and did not believe the plaintiff had been injured. *Id.* at 486.

In our case, as already discussed, appellant's motion did not state facts constituting good cause under Rule 74.05(d). Therefore, appellant did not meet the pleading requirements of Rule 74.05(d) and is not entitled to an evidentiary hearing. Furthermore, Rule 74.05 does not require the trial court to state the reasons or grounds upon which the motion was denied in its order.

■ In his third point, appellant argues the trial court erred in denying his motion because the trial court lacked jurisdiction over the subject matter of the lawsuit. Appellant argues he and DWCL entered into an employment agreement, which superseded all other agreements and the employment agreement contained a forum selection clause that permitted enforcement only in Canadian courts. We disagree.

In the case at bar, when respondents filed their initial lawsuit in Canada, appellant persuaded the Canadian court to decline jurisdiction because the lawsuit was based on the secrecy agreement, which contained a forum selection clause that permitted enforcement only in the courts of Missouri. Respondents re-filed their case in Missouri and appellant failed to defend the case. The trial court entered a default judgment against appellant. The trial court did not base its judgment on the employment agreement, which contained a forum selection clause that permitted enforcement in Canadian courts, but based its judgment on the secrecy agreement. The trial court held:

> NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of plaintiff Dent Wizard International Corporation and Dent Wizard (Canada), Ltd. and against defendant Dale Sears on Plaintiff's petition for breach of the Dent Wizard International Corporation Secrecy Agreement in which Dent Wizard (Canada), Ltd. is an intended third party beneficiary, Count I of plaintiffs' petition, for unjust enrichment, Count IV, and for tortious interference, Count V....

The secrecy agreement contained a forum selection clause that permitted enforcement in the courts of Missouri. Thus, the trial court had subject matter jurisdiction over the lawsuit and it did not abuse its discretion in denying appellant's motion to set aside the default judgment.

■ In his final point, appellant argues the trial court erred in admitting respondents' exhibit 2 over his objection at the hearing on damages, because exhibit 2 was not in compliance with the business records act, section 490.692, RSMo 1994. He alleges exhibit 2 was not served upon him at least seven days prior to the day upon which the default and inquiry hearing was held. He further alleges that respondents' witness did not testify that the records were reproduced in the ordinary course of business or that they were accurately reproduced.

■ Generally, the failure to object to the trial court's admission of evidence at trial precludes appellate review of the admission. *Sykes v. Bi–State Development Agency,* 716 S.W.2d 856, 857 (Mo.App. E.D.1986). Additionally, in order to preserve a point for appellate review, appellant has to raise the point in the motion for new trial. *Id.* at 858. *See also, Smith v. Wal–Mart Stores, Inc.,* 967 S.W.2d 198, 207 (Mo.App. E.D.1998).

A review of the record indicates that appellant did not object to the admission of exhibit 2 into evidence. When respondents moved to admit exhibit 1 and exhibit 2 into evidence, appellant objected only to the admission of exhibit 1. Also, appellant's motion for new trial did not include the point that it raises before this court.

Thus, appellant did not preserve the point for appellate review.

Based on the foregoing, the judgment of the trial court denying appellant's motion to set aside the default judgment is affirmed.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.