**J.E. SCHEIDEGGER COMPANY, INC., Plaintiff–Respondent,**

v.

**Robert MANON and Mary Manon, Defendants–Appellants.**

No. 26061.

Missouri Court of Appeals, Southern District, Division One.

Oct. 12, 2004.

Motion for Rehearing and Transfer to Supreme Court Denied Nov. 3, 2004.

Application for Transfer Denied Dec. 21, 2004.

Faye M. Coultas, Coultas & Green, L.L.C., Osage Beach, for appellants.

M. Nichole George, John E. Curran, Curran & Sickal, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Robert Manon and Mary Manon (collectively, "Appellants") appeal a default judgment granted against them in the Circuit Court of Camden County. Appellants contend that they properly moved to set aside the default judgment and the trial court erred by refusing to set aside the judgment. We agree and reverse.

On September 18, 2001, J.E. Scheidegger Company, Inc. ("Scheidegger") brought a breach of contract claim against Appellants asserting that Appellants failed to perform their obligations under a three-year commercial lease for space in the Stone Crest Mall in Osage Beach, Camden County, Mo. The lease named the tenant as Playschool Learning Center, Inc.; however, Robert Manon and Mary Manon both

executed the tenant portion of the lease as individuals.

In December 2001, Appellants timely moved to dismiss the lawsuit. Scheidegger then served discovery requests on Appellants, but because the court had not ruled on their motion to dismiss, Appellants moved to extend the time required for compliance with the requests. The trial court overruled the motion to dismiss on August 13, 2002. On that same day, the trial court granted leave to Scheidegger to file its "First Amended Petition," and Scheidegger filed that petition later that day. The court also granted Appellants thirty days to comply with Scheidegger's discovery requests. Appellants responded to the discovery requests but never filed an Answer to the original petition or the amended petition.

Appellants moved for summary judgment on July 29, 2003, asserting that neither Appellant was liable under the lease because neither person was named in the lease nor did either person appear in the body of the lease. On August 12, 2003, the court set a trial date of December 16, 2003. Scheidegger filed suggestions against the summary judgment motion on August 27, 2003, stating that there were genuine issues of material fact as to whether or not a landlord-tenant relationship existed between Appellants and Scheidegger. The trial court did not rule on the summary judgment motion.

On December 16, 2003, the date which had been set for trial, and with all parties assembled and ready for trial, the trial court found Appellants to be in default for not filing an Answer to either the original petition or the amended petition. The court heard evidence on damages and subsequently entered a default judgment against Appellants in the amount of $43,957.76, including interest, attorney's fees and costs.

Three days later, on December 19, 2002, and prior to the time of the execution of the Judgment by Default, Appellants moved to set aside the default judgment pursuant to Rule 74.05(d).[1] The motion included, as a meritorious defense, the argument that neither of Appellant's names appeared in the body of the lease and, thus, neither of them was a lessee nor was liable on the lease. The motion further stated:

> With regard to a showing of 'good cause' according to Rule 74.05, '[a] defaulted defendant shows good cause by proving that he or she did not recklessly or intentionally impede the judicial process.' *Great Southern Savings & Loan Association v. Dan Wilburn et ux,* 887 S.W.2d 581, 584, (Mo.1994). Examples of such reckless or intentional behavior include conduct such as ignoring the summons, *Stradford v. Caudillo,* 972 S.W.2d 483, 486 (Mo.App. W.D.1998), or failing to respond to a lawsuit in any manner, *Mullins v. Mullins,* 91 S.W.3d 667, 672 (Mo.App. W.D.2002). However, a review of the docket sheet clearly indicates that defendants made no attempt

---

1. Rule 74.05(d) states:

   Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

   All rule references are to Supreme Court Rules (2003), unless otherwise stated.

of any kind to impede the judicial process, and therefore good cause exists for setting aside this default judgment.

Missouri law further requires that the interpretation of 'good cause' with regard to Rule 74.05 is to be made 'liberally, not only to prevent a manifest injustice but to avoid a threatened one especially in cases tried without a jury where evidence on one side only is presented.' *Id.* at 670, and cases cited therein.

On January 13, 2004, the trial court held a hearing on the motion to set aside the judgment and overruled it.

■■■ Appellants argue in their sole point on appeal that the trial court erred in refusing to set aside the default judgment entered against them because they met each of the requirements for setting aside the judgment. Motions to set aside default judgments are governed by Missouri Rule of Civil Procedure 74.05(d). A decision to set aside a default judgment is within the trial court's discretion; its decision will not be overturned absent an abuse of that discretion. *Tinsley v. B & B Engines, Inc.,* 27 S.W.3d 859, 861 (Mo.App. E.D.2000). Although Rule 74.05(d) states that a court "may" set aside a default judgment if the motion contains a meritorious defense and good cause, "the trial judge's discretion is not unbridled but is constrained by the parameters of reasonableness and construed in light of the purposes of the rule." *Fuller v. Ross,* 68 S.W.3d 497, 500 (Mo.App. W.D.2001). Additionally, the discretion of a trial court to deny a motion to set aside a default judgment is subject to closer scrutiny on appeal than is the discretion of a trial court to grant a motion to set aside. *Myers v. Pitney Bowes, Inc.,* 914 S.W.2d 835, 838 (Mo.App. S.D.1996). Therefore, an appellate court is much more likely to interfere with the trial court's decision when the

motion to set aside the judgment has been denied. *Id.*

According to Rule 74.05(d), a trial court may set aside a default judgment if the aggrieved party satisfies three requirements. The aggrieved party must (1) timely file a motion to set aside the default judgment, (2) the motion must contain facts constituting a meritorious defense and (3) the motion must show good cause for setting it aside.

■■ In this case, little dispute exists regarding the first two elements of Appellants' motion. The required time for filing, as stated in Rule 74.05(d), is "a reasonable time ... after the entry of the default judgment." The rule states that a reasonable time cannot exceed one year. This Court has previously found a period of 29 days to be a reasonable time. *Clark v. Brown,* 814 S.W.2d 634, 638 (Mo.App. S.D.1991). In the present case, Appellants moved to set aside the default judgment just three days after the judgment was entered from the bench and prior to the time the judgment was executed. We find that by filing their motion within three days, Appellants satisfied the first requirement of a motion to set aside.

■■ Appellants also satisfied the second element of providing facts constituting a meritorious defense. A meritorious defense is not an extensive or full-blown defense but simply an "arguable theory of defense." *Pitney Bowes,* 914 S.W.2d at 839. Appellants argued in their motion that because their individual names did not appear on the lease that was the subject of the lawsuit, they were not individually liable under the lease. Appellants' motion cited several Missouri cases which supported their defense. It is significant that Scheidegger did not file a countermotion for summary judgment claiming it was entitled to judgment as a matter of law but

rather argued in its response to Appellants' motion for summary judgment that there were issues of material fact concerning the liability of appellants on the lease which needed to be resolved by a trial on the merits. Thus, by showing an arguable theory of defense, Appellants have met their burden on the second element of setting aside a default judgment.

■ The final requirement of Rule 74.05(d) is good cause, the heart of this dispute. Scheidegger claims that the motion to set aside the judgment does not set forth good cause to set aside the judgment. Because the rule states that good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process, Scheidegger appears to be claiming asserting that Appellants should have specifically stated in their motion that they made a mistake for not filing a timely Answer. On the other hand, Appellants appear to argue that they were not really in default because they have "otherwise" defended in this lawsuit.[2] We reject both of those views.

■ Appellants were in default for failing to file an Answer pursuant to the rules of civil procedure; however, we believe the trial court should have granted relief from the judgment under Rule 74.05(d). We do not expand the phrase "or otherwise defend as provided by these rules" to include the filing of answers to discovery or the filing of a summary judgment motion. Certainly those actions are important for a trial court to consider when ascertaining whether the defaulting party was impeding the judicial process and whether the other party was prejudiced in its ability to proceed with a lawsuit, but those actions alone

do not prevent a default judgment being entered. Although Appellants did not specifically state a reason for failing to file an Answer, the motion does assert evidence to establish that their conduct was not intentionally or recklessly designed to impede the judicial process. Additionally, the motion cited two cases, *Stradford v. Caudillo,* 972 S.W.2d 483, 486 (Mo.App. W.D.1998) and *Mullins v. Mullins,* 91 S.W.3d 667, 672 (Mo.App. W.D.2002), to support its contention that reckless conduct typically involves a failure to respond in any manner to the lawsuit. The motion also notes that the docket sheet for this case containing entries such as Appellants' motion to dismiss, motion to extend time, responses to requests for production, and motion for summary judgment, to show that Appellants have not failed to respond to the lawsuit.

Scheidegger acknowledges that good cause will exist by reason of "accident, mistake, inadvertence, mischance, or unavoidable circumstances" but argues that a default judgment may only be set aside when the mistake is "unmixed with neglect or intention." To support its position, Scheidegger relies upon *Great American Acceptance Corp. v. Zwego,* 902 S.W.2d 859 (Mo.App. W.D.1995), which in turn relied upon *Sprung v. Negwer Materials, Inc.* 775 S.W.2d 97 (Mo. banc 1989). In the present case, Scheidegger argues, Appellants did not show good cause in their motion to set aside because they did not include any reason for not submitting an Answer. Furthermore, Scheidegger contends, under the *Zwego* standard, Appellants' actions could not have been void of neglect because Appellants neglected to

---

**2.** Rule 74.05(a) reads:

When a party against who a judgment for affirmative relief is sought has failed to plead or *otherwise defend* as provided by these rules, upon proof of damages or enti-

tlement to other relief, a judgment may be entered against, the defaulting party. The entry of an interlocutory order of default is not a condition precedent to the entry of a default judgment. (Italics added).

file an answer. We believe that Scheidegger's interpretation of the good cause standard is too narrow.

■ We do not agree that Appellants' motion to set aside was improper because it did not include a direct admission of conduct, void of neglect, which resulted with the omission of filing the answer. Rule 74.05(d) specifically states that the motion must state facts constituting a meritorious defense and it must show good cause. We interpret that to mean that the trial court must determine whether good cause has been shown according to the unique facts of each case. Under this Court's prior interpretation of the rule and later Supreme Court cases, Appellants may satisfy the good cause requirement by showing that their conduct was not intentionally or recklessly designed to impede the judicial process. *Great Southern Sav. & Loan Ass'n v. Wilburn*, 887 S.W.2d 581, 584 (Mo. banc 1994); *Pitney Bowes*, 914 S.W.2d at 839.

In *Great Southern*, the Supreme Court, using plain error review for a manifest injustice or miscarriage of justice, reversed a trial court for refusing to set aside a default judgment on good cause grounds. *Great Southern*, 887 S.W.2d at 584. In that case, one of the defendants had hired an attorney prior to the termination of the filing period for her answer but the attorney, who attempted contact with the plaintiff's attorney, did not file the answer prior to the first possible day the court could enter a default. *Id.* A second defendant in the case did not hire an attorney within the default period. *Id.* The court entered a default and the first defendant's attorney promptly moved to set aside the default. *Id.* The trial court refused to set the judgment aside attributing the failure of the second defendant to hire an attorney with-

in the default period to the first defendant. *Id.* The Supreme Court found that the trial court plainly erred in concluding that the first defendant intentionally or recklessly impeded the judicial process and made no mention of an added burden to the defendant that any error be unmixed with neglect or inattention.[3] *Id.*

Likewise, this Court has found that the good cause requirement of Rule 74.05(d) is satisfied by proving that the party in default did not recklessly or intentionally impede the judicial process. *Pitney Bowes*, 914 S.W.2d at 839. We specifically noted that while we interpreted the prior version of Rule 74.05 to mean that a defendant who negligently failed to file a timely answer should be denied relief, the amended rule clarified that a default judgment can now be vacated even if the movant negligently failed to file a timely answer. *Id.* Furthermore, we concluded that "[w]here a reasonable doubt exists as to whether the conduct was intentionally designed or irresponsibly calculated to impede the work of courts, it should be resolved in favor of good faith." *Id.*

The Supreme Court recently noted that "the only cases in which defendants have been held to have established good cause for failure to file are those ... in which the defendants had taken at least some action in their defense within the 30–day period before default." *Krugh v. Hannah and Ozark Constr. Indus.*, 126 S.W.3d 391, 393 (Mo. banc 2004). Here, Appellants took action in their defense by moving to dismiss the lawsuit within the 30–day period before default. The motion shows that Appellants further responded to the lawsuit by answering discovery requests-, and moving for summary judgment. Furthermore, Appellants appeared on the day set

---

**3.** Of interest is that the Supreme Court affirmed the trial court's refusal to set aside the default judgment of the party who had not hired an attorney within the default period.

for trial ready to proceed with the defense of their lawsuit. Although some form of neglect may have accompanied the unknown reason for not answering either petition, the evidence showing that Appellants responded to the lawsuit in other ways suggests that the failure to answer was not designed to intentionally or recklessly impede the judicial process. The only evidence supporting a decision to deny the motion was Appellants did not file an Answer. A mistake must have occurred in order for default to occur, but Scheidegger has not indicated how it was prejudiced in any way by the failure of Appellants to file an Answer. Thus, Appellants have satisfied the requirement of good cause.

Appellants satisfied the requirements of a motion to set aside a default judgment. The trial court abused its discretion by denying the motion; therefore, the judgment of the trial court is reversed. The cause is remanded for further proceedings not inconsistent with this opinion.

PREWITT, J., concurs.

GARRISON, P.J., dissents in separate dissenting opinion.

PHILLIP R. GARRISON, Presiding Judge, dissenting.

I respectfully dissent and, accordingly, would affirm the trial court's denial of Appellants' "Motion to Set Aside Default Judgment." Rule 74.05(d) provides that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown." That rule also provides that "[g]ood cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." As noted in

the majority opinion, compliance with the "good cause" requirement is the determinative issue in this appeal.[1]

The majority opinion cites *Great Southern Sav. & Loan v. Wilburn*, 887 S.W.2d 581, 584 (Mo. banc 1994), and *Myers v. Pitney Bowes, Inc.*, 914 S.W.2d 835, 839 (Mo.App. S.D.1996), for the proposition that Appellants may satisfy the good cause requirement by showing that their conduct was not intentionally or recklessly designed to impede the judicial process. Indeed, both cases contain general statements to that effect. The majority interprets that language to mean that a movant need not allege or prove facts explaining the failure to file a responsive pleading in order to fulfill the "good cause" requirement of Rule 74.05(d). I disagree.

In both *Great Southern* and *Myers,* the trial courts had before them the factual explanations for the respective failures to file responsive pleadings. Both appellate decisions were based on a review of those facts. Thus, those courts were not confronted with a factual setting in which there was no explanation for the failure to file an answer. To the contrary, in this case Appellants' motion failed to allege any explanation for their failure. Instead, Appellants' sole allegation with reference to the "good cause" requirement of Rule 74.05(d) in their motion to set aside the default was as follows:

> With regard to a showing of "good cause" according to Rule 74.05, "[a] defaulted defendant shows good cause by proving that he or she did not recklessly or intentionally impede the judicial process." *Great Southern Savings & Loan Association v. Dan Wilburn et ux.*, 887 S.W.2d 581, 584 (Mo.1994). Examples

---

1. Whether the trial court was correct in entering a default in the first place is not an issue on this appeal.

of such reckless or intentional behavior include conduct such as ignoring the summons, *Stradford v. Caudillo*, 972 S.W.2d 483 at 486 (Mo.App. W.D.1998), or failing to respond to a lawsuit in any manner, *Mullins v. Mullins*, 91 S.W.3d 667 at 672 (Mo.App. W.D.2002). However, a review of the docket sheet clearly indicates that [Appellants] made no attempt of any kind to impede the judicial process, and therefore good cause exists for setting aside this default judgment. These allegations relate only to Appellants' contention that they did not recklessly or intentionally impede the judicial process, but they do not speak to the reason or reasons they were in default.

Whether good cause is satisfied merely by a lack of evidence showing an intention to impede the judicial system was confronted squarely in *Crain v. Crain*, 19 S.W.3d 170 (Mo.App. W.D.2000). There the trial court, as in this case, denied a motion to set aside a default judgment. *Id.* at 172. The western district of this Court, in affirming, said:

> [Appellant] must first show that he had good cause for the failure to answer the petition. Good cause contemplates conduct not intentionally or recklessly designed to impede the judicial process and which demonstrates his freedom from negligence in allowing the default to occur.... *[Appellant] argues that there is not a scintilla of evidence that his conduct was intentionally designed to impede the judicial system. That argument miscasts the issue. It is [Appellant's] burden to demonstrate his reasonable excuse for failure to respond to the summons.*

*Id.* at 174(emphasis added) (citations omitted). Similarly, Appellants here argue that their participation in other proceedings in the case, as shown in the docket sheet, indicates that they made no attempt

to impede the judicial process, and "therefore good cause exists for setting aside this default judgment." As in *Crain*, however, there was no explanation for the failure to respond to the summons.

Several other cases are consistent with the holding in *Crain*. "Under the explicit terms of Rule 74.05(d), a motion to set aside a default judgment must state facts constituting both a meritorious defense and good cause for the default." *Stradford v. Caudillo*, 972 S.W.2d 483, 485 (Mo. App. W.D.1998). As stated in *Reed v. Reed*, 48 S.W.3d 634, 639 (Mo.App. W.D. 2001), "[t]he party filing the motion to set aside a default judgment must plead and then demonstrate both that he had good cause for not filing a responsive pleading and that he had a meritorious defense to the plaintiff's petition." *See also H.J.I. by J.M.I. v. M.E.C.*, 961 S.W.2d 108, 118 (Mo. App. W.D.1998); and *Brants v. Foster*, 926 S.W.2d 534, 535 (Mo.App. W.D.1996) (" '[g]ood cause shown' is an excuse for nonappearance"). Also, this Court said, in *In re Marriage of Balough*, 983 S.W.2d 618, 624 (Mo.App. S.D.1999), that the "good cause" element of Rule 74.05(d) is good cause for allowing the case to go by default. It is, therefore, clear to me that the good cause requirement of Rule 74.05(d) relates to the reason a responsive pleading was not filed, and is not satisfied by a mere showing that the judicial system was not impeded by the defaulting party's conduct. Significantly, as it relates to this case, a motion that fails to plead facts constituting good cause under Rule 74.05(d) does not meet the pleading requirements of that rule. *Sears v. Dent Wizard Intern. Corp.*, 13 S.W.3d 661, 665 (Mo.App. E.D.2000).

It is logical, considering the phrasing of Rule 74.05(d), that the "good cause" element of the rule relates to the excuse for the failure to file a responsive pleading,

thereby permitting the case to be in default. As indicated earlier, the rule provides, in part, that "[g]ood cause includes *a mistake or conduct* that is not intentionally or recklessly designed to impede the judicial process." (emphasis added). It is clear that this portion of the rule refers to whether the "mistake or conduct" causing the default was or was not intentionally or recklessly designed to impede the judicial process. I see nothing in Rule 74.05(d) that would authorize a default to be set aside simply because the defaulting party had participated in other proceedings in the case without regard to that party's reasons for not filing a responsive pleading.

Without an explanation for why an answer was not filed, how can a court determine whether the reason for the default was "good cause" that may include "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process"? This premise is made clearer by the definitions of "intentional" and "reckless." "To be reckless, a person makes a conscious choice of his course of action, 'either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to any reasonable man.'" *Reed,* 48 S.W.3d at 640 (quoting from *In re Marriage of Williams,* 847 S.W.2d 896, 900 (Mo.App. S.D.1993)). "Recklessness involves some element of deliberateness and of risk." *Reed,* 48 S.W.3d at 640 (quoting *Brueggemann v. Elbert,* 948 S.W.2d 212, 214 (Mo.App. E.D.1997)). "Intentional" is defined as "relating to intention or design." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1976). The fact that Appellants participated in other portions of the proceedings, including discovery, is insufficient to establish that their failure to file a responsive pleading was not intentionally or recklessly designed to impede the judicial process.

I would affirm the judgment of the trial court.