Eric KRUGH and Joseph
Krugh, Appellants,

v.

Don HANNAH and Lake Ozark
Construction Industries,
Defendants,

and

Millstone Marina Service,
L.L.C., Respondent.

No. SC 85392.

Supreme Court of Missouri,
En Banc.

Jan. 27, 2004.

Rehearing Denied Feb. 24, 2004.

Christopher P. Sweeney, John E. Turner, Kansas City, for Appellants.

Julie J. Gibson, Michael D. Matteuzzi, Kansas City, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

Eric and Joseph Krugh appeal an order of the circuit court setting aside their default judgment against Millstone Marina, L.L.C. (Millstone). The circuit court set aside the default judgment because: 1) Millstone made a sufficient showing of good cause for failure to file a timely answer; and 2) Millstone made a sufficient showing that it had a meritorious defense to the cause of action. After appeal to the Court of Appeals, Western District, this Court granted transfer. Mo. CONST. art. V, sec. 10. The order setting aside the default judgment is reversed, and the case is remanded.

I.

On May 25, 1998, Eric Krugh and his son Joseph were severely injured when their boat exploded due to a fuel leak. The Krughs then filed an action against Millstone Marina alleging that Millstone negligently de-winterized the boat because it failed to check the fuel system and hoses for leaks, failed to check the ventilation ducts, and failed to follow the manufacturer's procedures for re-commissioning the boat.

Millstone's registered agent, Carla Blazier, who owned the Marina with her husband, John, was served on May 23, 2000.

However, Millstone failed to file an answer within 30 days of the Krughs' petition, as required by Rule 55.25. As a result, the Krughs filed a motion for default judgment under Rule 74.05(a), a hearing was then held, and on April 4, 2001, judgment was entered in the amount of $583,596.43.

On August 1, 2001, Millstone filed a motion to set aside the default judgment pursuant to Rule 74.05(d), which allows a default judgment to be set aside if the movant states facts constituting a meritorious defense and shows good cause. The motion alleged that: 1) Millstone could present a meritorious defense by disputing its responsibility for de-winterizing the boat and offering alternative explanations for the explosion; and 2) Millstone had good cause for failure to file a timely answer because Blazier had no recollection of being served.

At a hearing on the motion, the court heard evidence on both issues, but the good cause issue is dispositive, and only the evidence pertaining to that issue need be recounted. In that regard, the process server, Deputy Nicole Olmstead testified that she served Blazier on May 23, 2000, that she recognized Blazier because she had previously served her "about six times," and that there was no question that she served her on that date. Evidence also was introduced that in the three-year period before May 23, at least four other default judgments had been taken against Millstone or Blazier, personally. In response, Blazier did not contest the earlier default judgments, but she disputed that, in this case, Deputy Olmstead personally served her and testified that she did not recall Deputy Olmstead ever being on the premises. She added that she did not know and had never met Deputy Olmstead and that she had no explanation why Deputy Olmstead completed a return of service stating that service had

been made. Nonetheless, Millstone now concedes that Blazier was served in this case on May 23, explaining that Blazier's earlier denials were based on her lack of memory of the events.

The trial court also heard evidence on Millstone's post-default conduct. On August 10, 2000, nine days after the motion for default judgment was filed, the Krughs' attorney, apparently out of courtesy, faxed a copy of the first amended petition and return of service to Blazier at Millstone, requesting that she forward these papers to her insurer. Thirteen days later, on August 23, 2000, Blazier faxed the petition and the return of service to her insurance agency, which forwarded the papers to its general managing agency, which, in turn, forwarded the papers to its wholesale insurance broker. At that point, the claim was to be transmitted to the appointed adjuster, but instead, it was mistakenly sent to a prior insurer. It was not until July of 2001, more than three months after the default judgment was entered, that the mistake was discovered and the claim was forwarded to the proper entity. Only then did a defense of the case begin.

On the basis of this evidence, the court found that Millstone made a sufficient showing of good cause for failure to file a timely answer. Having also found that Millstone had a meritorious defense to the cause of action, the court set aside the default judgment.

II.

Rule 74.05(d) provides that a default judgment can be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown. . . ." The rule specifies that "[g]ood cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* The Krughs contend that Millstone has not shown good cause

for failing to file an answer within 30 days after service as required by Rule 55.25. This Court agrees. Though Millstone concedes that service was made on May 23, fully three months elapsed—from May 23 to August 23—before Millstone finally sent the petition to its insurers, much less filed an answer.

In determining the presence or absence of "good cause," this Court is deferential to the trial court's finding that Blazier failed to act because she simply forgot having been served. But that finding must be considered in conjunction with the uncontradicted evidence that in the three-year period before service in this case, four other default judgments had been taken against Millstone, or Blazier, personally. This leads to the conclusion that she was well aware of the consequences of her inattention and makes her failure to file more egregious than excusable. Indeed, her disregard for the system is all the more evident given the fact that even after the plaintiff's lawyer gratuitously notified her on August 10 that Millstone was already several weeks in default, she still waited another 13 days to contact the insurer. On this proof, Blazier's failure to file is reckless conduct at the least, more than just the negligent mishandling of the paperwork as Millstone contends. To be sure, the insurers, themselves, later mishandled the paperwork and compounded the problem, but the relative responsibility of Millstone and its insurers is not an issue that has been raised by the parties.

Even in the absence of the particularized evidence regarding Blazier's conduct, Millstone is hard-pressed to claim good cause. In fact, the only cases in which defendants have been held to have established good cause for failure to file are those, unlike the case at hand, in which the defendants had taken at least some action in their defense within the 30–day period before default. *Great Southern Savings & Loan Ass'n v. Wilburn*, 887 S.W.2d 581 (Mo. banc 1994), is particularly instructive. In that case, the two defendants were both in default, but one had hired an attorney who attempted to contact opposing counsel within 30 days of service, while the other neglected even to hire an attorney within the 30 days. *Id.* at 584. This Court held that the first defendant established good cause and did not intentionally or recklessly impede the judicial process, but the second defendant did not establish good cause. *Id. See also Klaus v. Shelby*, 42 S.W.3d 829, 832 (Mo.App.2001).

Millstone relies on *Keltner v. Lawson*, 931 S.W.2d 477, 481 (Mo.App.1996), and *Gibson v. Elley*, 778 S.W.2d 851, 852–53 (Mo.App.1989), both of which involved defendants whose default was excused because it was due to negligent mishandling of paperwork. However, reliance upon *Keltner* and *Gibson* is misplaced because the defendants in both cases took action prior to default. In *Keltner*, the defendant had "promptly forwarded the summons and a copy of the petition to his automobile insurance carrier." *Keltner*, 931 S.W.2d at 478. Likewise, in *Gibson*, the defendant, within seven days of being served, contacted another company that had agreed to defend and indemnify the defendant. *Gibson*, 778 S.W.2d at 851.

### III.

Because Millstone did not establish good cause for failing to file a timely answer, the order setting aside the default judgment is reversed, and the case is remanded.

All concur.