

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

INDEPENDENCE SCHOOL )
DISTRICT NO. 30, )
                       )
          **Appellant,** )
                       )     **WD85398**
v. )
                       )     **OPINION FILED:**
                       )     **April 18, 2023**
COUNTY OF JACKSON, MISSOURI, )
                       )
          **Respondent.** )

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Kenneth R. Garrett, III, Judge**

**Before Division Two:** Edward R. Ardini, Jr., Presiding Judge, and
Lisa White Hardwick and Karen King Mitchell, Judges

Independence School District No. 30 (District) appeals the circuit court's order

granting the motion of Jackson County, Missouri (County), to set aside a default

judgment entered against the County. The District raises three points on appeal. First,

the District claims the circuit court's order concluding that the County has raised a

meritorious defense was based on the erroneous finding that the County complied with

the requirements of § 139.031.5[1] in withholding, from the District, disbursements of

---

[1] All statutory references are to the Revised Statutes of Missouri, Supp. 2021.

property tax money collected by the County. Second, the District claims the circuit court's order was based on the erroneous finding that the County had a meritorious defense to the District's claim that the County lacked authority under § 139.031.5 to refund an overpayment of property taxes, which was the source of the disbursement withheld from the District. Third, the District claims the circuit court's order was based on the erroneous finding that the County's default resulted from negligence constituting good cause under Rule 74.05(d).[2] Finding no merit in the District's arguments, we affirm.

## Background[3]

After paying property taxes to the County, Unilever, a global corporation with operations in Independence, requested a refund pursuant to § 139.031.5, which the County agreed to pay. Because the refunded tax payments had already been disbursed to governmental entities within the County, including the District, the County sought to recoup the amount of the refund by reducing future tax disbursements. The District[4] sued the County in November 2021, seeking to enjoin the County from withholding tax disbursements from the District and seeking a declaratory judgment that the County had

---

[2] All rule references are to the Missouri Supreme Court Rules (2022).

[3] To determine "good cause" pursuant to Rule 74.05(d), "we review the evidence in the light most favorable to the trial court's ruling, and we only consider whether there was a sufficient factual basis for the trial court's determination under the totality of the circumstances." *Solomon v. St. Louis Cir. Att'y*, 640 S.W.3d 462, 478 (Mo. App. E.D. 2022), *transfer denied* (Apr. 5, 2022).

[4] Consolidated Library District No. 3 was a co-plaintiff below but is not a party to this appeal.

no authority to withhold tax disbursements under § 139.031.5 because the mistake in overpayment was made by Unilever, not the County.

The County was served with the summons and petition on November 30, 2021, and a motion for preliminary injunction on December 1, 2021. Dawn Diel,[5] a lawyer employed by the County, entered her appearance for the County on December 2, 2021. In response to the motion for preliminary injunction, the County agreed on December 9 that it would not withhold payments to the District pending final resolution of the District's petition in exchange for the District's withdrawing its motion, which the District did. Thereafter, however, the County failed to timely respond to the initial petition, and the plaintiffs moved for default judgment on February 14, 2022, to which the County also failed to timely respond. On March 7, 2022, the court entered a default judgment against the County.

On March 9, 2022, the County, through Diel, moved to set aside the default judgment. The circuit court, finding the motion deficient under Rule 74.05(d), because it failed to include affidavits to verify its claim of a "meritorious defense," denied the motion on April 4, 2022. On April 8, 2022,[6] the County filed a second motion to set

---

[5] In the transcript of the April 26, 2022 hearing on the second motion, Diel is referred to also by her married surname, Boyer; Diel left her employment with the County in March 2022.

[6] The District agrees that the County's second motion is an "independent action" under Rule 74.05(d). Therefore, the motion was not subject to the timelines in Rule 81.05, governing the effect of "after-trial" motions on the finality of the trial court's judgment. *See* Rule 74.05(d) ("A motion filed under this Rule 74.05(d) . . . is an independent action and not an authorized after-trial motion subject to Rule 78.04, 78.06, or 81.05.").

aside the default, this time including a proposed answer to the petition and the affidavits of Diel and Whitney Miller, the County's Director of Collections. Miller's affidavit stated that she authorized the Unilever tax refund because "Unilever was entitled to an abatement pursuant to a Chapter 100 agreement with the City of Independence" but "[d]ue to a misapplication of this abatement when [Unilever] filed its business personal property tax declaration, the taxes levied against Unilever were incorrect."[7] Diel's affidavit stated that she "inadvertently and mistakenly" failed to calendar due dates for filing either the County's answer or its response to the February 14 default judgment motion.

On May 3, 2022, after an evidentiary hearing, the circuit court granted the County's second motion to set aside the default judgment, finding that the County "cured the deficiencies" in its previous motion, that Diel's negligence "constitute[d] good cause" to set aside the default judgment under Rule 74.05(d), and that her actions "were not intentionally or recklessly designed to impede the judicial process." Further, the circuit court found that the County had presented evidence of a meritorious defense sufficient to support the motion to set aside the default. The District timely filed its appeal.

**Analysis**

The District raises three issues on appeal, all premised on the circuit court's error in granting the County's motion to set aside the default judgment entered in the District's favor. First, the District claims that the circuit court erroneously concluded that the

_____

[7] At the hearing, Miller testified that the overpayment was "taxpayer error" and then agreed that "Unilever paid an erroneous tax bill."

4

County had a meritorious defense to the District's claims because the County had complied with the requirements of § 139.031.5 in withholding tax disbursements from the District. Second, the District claims the circuit court erroneously concluded that the County had a meritorious defense to the District's claim that the County lacked authority under § 139.031.5 to refund an overage in taxes paid by Unilever. Third, the District claims the circuit court erroneously concluded that the County's default resulted from negligence constituting good cause under Rule 74.05(d). Finding no error, we affirm.

## Standard of Review

Appellate review of a circuit court's decision to grant a motion to set aside a default judgment is subject to an "abuse of discretion" standard. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687-88 (Mo. banc 2007). "[T]he trial court has less discretion to deny a motion to set aside a default judgment than it does to grant such a motion." *Wanda Myers Living Tr. v. Le*, 459 S.W.3d 517, 524 (Mo. App. W.D. 2015); *see also Plasmeier v. George*, 575 S.W.3d 485, 487 (Mo. App. E.D. 2019) (comparing the "broad discretion to grant such motions" with "only narrow discretion to deny them"); *Kelly-Patel v. Wensel*, 588 S.W.3d 604, 609 (Mo. App. E.D. 2019) (allowing broader discretion for granting the motion "[b]ecause public policy favors resolution on the merits"). Therefore, "an appellate court is much more likely to interfere" with the denial of such a motion, due to "the distaste our system holds for default judgments." *Gibson by Woodall v. Elley*, 778 S.W.2d 851, 854 (Mo. App. W.D. 1989).

"The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the

5

ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Nelson v. Waxman*, 9 S.W.3d 601, 604 (Mo. banc 2000) (quoting *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991)).

Despite acknowledging that this appeal is governed by an abuse of discretion standard, the District argues that, because the County's motion was an "independent action" under Rule 74.05(d), a question of law is involved and *de novo* review of the circuit court's interpretation of § 139.031 is required.[8] We disagree. The clear standard is whether the circuit court abused its discretion in finding that the County asserted a "meritorious defense" under § 139.031.5, which involves a far lower standard at the circuit level than a judgment on the merits.

"There is no universal standard establishing the components of a meritorious defense, but it has been interpreted to mean 'any factor likely to materially affect the substantive result of the case.'" *Hanlon v. Legends Hosp., LLC*, 568 S.W.3d 528, 533 (Mo. App. E.D. 2019) (quoting *Tinsley v. B & B Engines, Inc.*, 27 S.W.3d 859, 861 (Mo. App. E.D. 2000)) (finding that the presentation of conflicting facts, even though not "fully developed" in the supporting affidavits, constitutes a meritorious defense). "In order to show a meritorious defense, a party need not present extensive and airtight evidence." *Pyle v. FirstLine Transp. Sec., Inc.*, 230 S.W.3d 52, 60 (Mo. App. W.D. 2007). While "the trial judge's discretion is not unbridled but is constrained by the

---

[8] In support, the District cites *Ford Motor Co. v. City of Hazelwood*, 155 S.W.3d 795 (Mo. App. E.D. 2005), but that case, about the timeliness of a taxpayer's protest under § 139.031, concerned the appeal of a judgment following a *bench trial*, not a motion to set aside a default judgment. *Id.* at 797.

parameters of reasonableness and construed in light of the purposes of the rule," *Fuller v. Ross*, 68 S.W.3d 497, 500 (Mo. App. W.D. 2001), "[t]his concept is not intended to impose a high hurdle, but is meant to allow the case to be decided on its merits where there are legitimate issues to be considered." *Pyle*, 230 S.W.3d at 60. The movant "need only make some showing of at least an arguable theory of defense." *Id.*

"It would be inconsistent with the distaste for default judgments to take an overly restrictive approach to the meaning of the word 'defense.'" *Myers v. Pitney Bowes, Inc.*, 914 S.W.2d 835, 839 (Mo. App. S.D. 1996). Therefore, although factual disputes supporting a Rule 74.05(d) motion are typically more common, a legal dispute can also form the basis of a meritorious defense. *See Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 711 (Mo. App. W.D. 2011) (meritorious defense based on question of enforceability of arbitration award).[9]

> **I.** **The circuit court did not abuse its discretion in setting aside the default judgment against the County based on its finding that the County asserted a meritorious defense. (Points I and II)[10]**

In its first two points, the District argues that the circuit court erred in setting aside the default judgment based on a meritorious defense under § 139.031.5. Specifically, the

---

[9] Other jurisdictions agree on this point, *e.g.*, *Beren Corp. v. Spader*, 255 N.W.2d 247, 253 (Neb. 1977) ("[W]here a proposed answer raises a question of law deserving argument and investigation, and one which is not frivolous, it sets forth the meritorious defense which must be shown in support of an application to open or vacate a default judgment."); *Quest Diagnostics, Inc. v. Haynie*, 320 So. 3d 171, 176 (Fla. Dist. Ct. App. 2021) (holding that where "the issue is a legal one concerning the interpretation of the statute, [the defaulting party] stated a meritorious defense").

[10] The District criticizes the County for responding to the District's Points I and II under a single point heading, claiming that the County "creates multifarious points" under Rule 84.04. However, the District, as appellant, is the party with the burden to

District argues that § 139.031.5 allows for a tax refund only when the County mistakenly levies a tax, not when a taxpayer mistakenly overpays, and that here the overpayment was Unilever's fault. And the District argues that, even if § 139.031.5 allows for a tax refund in this situation, § 139.031.5 does not allow the County to recoup, through a set-off against future tax disbursements, the amount of the refund from governmental entities that benefited from the tax, such as the District.

Before reaching the merits of its arguments, the District attempts to gain some advantage by arguing that the circuit court already "resolved whether this argument raises a meritorious defense" by entering the original default judgment and accepting all allegations in the District's petition. However, the rules specifically allow for a default judgment to be set aside. Therefore, the original entry of the default judgment does not limit the circuit court's discretion. A default judgment is not a judgment on the merits. *See Cotleur v. Danziger*, 870 S.W.2d 234, 237 (Mo. banc 1994) (holding that failure to appear for trial was a judgment on the merits, distinguishing it from a default judgment based on a failure to answer). Here, the default judgment was entered without any input from the County and was simply the court's reiteration of the unopposed claims made in the petition. We recognize that the lack of input was the County's fault. But the default judgment, although one that might have become final, was not a decision on the merits of the District's claims involving any analysis of those claims by the circuit court and,

---

preserve error under Rule 84.04(d) through points that are not multifarious; the County's burden under Rule 84.04(f) is simply to respond to those points. As is reflected by our handling of these points, they logically can be addressed together.

8

therefore, the default judgment does not limit the court's discretion when considering a motion to set aside.

The District argues that the circuit court erred in setting aside the default judgment because Unilever mistakenly overpaid its taxes and § 139.031.5 does not allow for a refund when the overpayment was due to an error by the taxpayer. This argument is based on two assertions: that the facts demonstrated that the overpayment was due to a taxpayer mistake; and that, as a matter of law, § 139.031.5 does not allow for a refund under these circumstances. The District's argument fails because the record is sufficient to show a factual dispute as to whether the overpayment was due to an error by the taxpayer or the County, and thus the record sets out an arguable theory of defense even if the District's interpretation of § 139.031.5 is correct.

Through affidavits attached to the second motion to set aside the default and hearing testimony, the County presented testimony from the County's Director of Collections that the *County* mistakenly levied taxes against Unilever in violation of an abatement agreement between Independence (as part of Jackson County) and Unilever; the abatement agreement is not part of the record. The County's Director of Collections also testified that refunds, such as the one at issue in this case, are common, and that the County relies on § 139.031.5 in making such refunds. Whether the mistake in levying taxes was the County's, because it should not have levied the taxes against Unilever given Unilever's previous abatement agreement with Independence, or Unilever's, because it did not properly declare what property was to be taxed under the abatement agreement and therefore the County levied taxes based on the information Unilever

9

initially provided, is a question of fact to be resolved by the circuit court if relevant to the proper application of § 139.031.5.[11]  Therefore, even under the District's interpretation of § 139.031.5, the County has asserted an arguable theory of defense to the District's claim that the County lacked authority to refund tax payments to Unilever.[12]

Further, the District argues that the circuit court erred in finding that the County asserted a meritorious defense that supported setting aside the default judgment because, even if the County was authorized to make the refund to Unilever, § 139.031.5 does not give the County the authority to set off the amount of the refund from tax disbursements to government entities such as the District.  As noted above, although the "party in default has the burden of proving it had a meritorious defense," *Bryant v. Wahl*, 502 S.W.3d 9, 16 (Mo. App. W.D. 2016), it "need not present a defense in detail"; it simply must "demonstrate at least an arguable theory that would defeat the plaintiff's claim." *Id.* at 14 (quoting *Bredeman v. Eno*, 863 S.W.2d 24, 26 (Mo. App. W.D. 1993)).

The District seeks to heighten the standard that a party seeking to set aside a default judgment must meet.  In essence, the District argues that if the defense asserted

---

[11] Among the fact issues the circuit court must determine is how and why the potentially "mistaken or erroneous" payment by Unilever occurred and what effect those facts have on the application of § 139.031.5. *See*, *e.g.*, *Crest Commc'ns v. Kuehle*, 754 S.W.2d 563, 567 (Mo. banc 1988) (reversing dismissal of taxpayer's petition to recover "erroneously paid" 1986 taxes and finding claim for refund of 1986 taxes appropriate when tax collector knew that taxpayer disagreed with the 1985 property valuation, even though taxpayer paid incorrect 1986 taxes without protest).

[12] We do not address the legal question of whether § 139.031.5 allows a refund to be paid to a taxpayer who mistakenly made an overpayment, however, because the existence of a factual dispute makes it unnecessary for us to reach this legal issue. Nothing we say in this opinion should be interpreted as the Court taking a position on the legal issue.

rests on a question of law, the party seeking to set aside a default judgment must not simply raise an arguable theory of defense but must prove that the defense would be successful. This approach, if adopted, would require the circuit court to resolve all disputes about the ultimate legal question in the case at this preliminary stage of the legal process. As noted previously, however, a legal dispute can form the basis of a meritorious defense. *Saturn of Tiffany Springs*, 331 S.W.3d at 711. While a frivolous legal argument may not raise an arguable theory of defense, *see Beren Corp. v. Spader*, 255 N.W.2d 247, 253 (Neb. 1977), the issue of whether the County can claw back the amount of a tax refund is not clearly frivolous.

The District's claim, that § 139.031 does not give the County the authority to claw back the amount of a refund of government entities that receive tax proceeds, presents an issue of statutory construction. The District cites no cases interpreting § 139.031 in this context. The District does not cite any cases that *prohibit* a clawback of the amount of refunded taxes, and we have found no Missouri cases addressing the issue. The District is not entitled to a judgment on the merits regarding a substantive issue that, once raised in a motion to set aside a default judgment, should be resolved on the merits.

The circuit court did not abuse its discretion in setting aside the default judgment based on the County's second motion, the attached affidavits, and hearing testimony. There are "legitimate issues" that remain to be considered by the circuit court and which support its finding that the County presented a meritorious defense. *See Pyle*, 230 S.W.3d at 60. It is hardly unreasonable, arbitrary, or shocking for the circuit court to allow the parties to fully address these issues. Points I and II are denied.

11

**II.** **The circuit court did not abuse its discretion in setting aside the default judgment against the County based on its finding under Rule 74.05(d) that the County presented evidence of good cause and lack of recklessness or any intent to impede the judicial process.**

In its third point, the District concedes that the appropriate standard of review is abuse of discretion. As noted above, the circuit court has even broader discretion to grant motions to set aside default judgments than it does to deny them. *Plasmeier*, 575 S.W.3d at 487. Also, "[w]e defer to the circuit court's credibility determinations and the weight it gives the evidence." *Yee v. Choi*, 641 S.W.3d 272, 279 (Mo. App. W.D. 2021), *transfer denied* (Apr. 5, 2022). Based on the record, we find no abuse of discretion in the circuit court's decision to set aside the default judgment.

A Rule 74.05(d) motion, in addition to showing "facts constituting a meritorious defense," must also show "good cause." Rule 74.05(d). "'Good cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* The phrase "good cause" is liberally interpreted to include negligence and mistakes made in good faith. *Vogel v. Schoenberg*, 620 S.W.3d 106, 111 (Mo. App. W.D. 2021). A person is negligent when "his inadvertence, incompetence, unskillfulness or failure to take precautions" prevents "adequately coping with a possible or probable future emergency." *Farm Bureau Town & Country Ins. Co. v. Turnbo*, 740 S.W.2d 232, 235 (Mo. App. E.D. 1987). "Recklessness," on the other hand, may be shown by "intentional indifference" to the consequences of one's actions. *Vogel*, 620 S.W.3d at 111-12 (quoting *Coble v. NCI Bldg. Sys., Inc.*, 378 S.W.3d 443, 448 (Mo. App. W.D. 2012)).

12

The District argues that the County was reckless in failing to timely respond to the petition and thus failed to show good cause. We disagree. Most of the cases relied on by the District simply affirm the circuit court's exercise of discretion in *denying* motions to set aside default judgments. *E.g., Pirisky v. Meyer*, 176 S.W.3d 145, 147 (Mo. banc 2005) (where the respondent defaulted by failing to appear at a custody modification hearing, despite having two motions for additional time denied and being warned of the consequences of failing to appear). Only one case cited by the District, *Krugh v. Hannah*, 126 S.W.3d 391 (Mo. banc 2004), resulted in a reversal of the circuit court's *granting* the motion to set aside.

In *Krugh*, the agent for co-defendant Millstone was served on May 23, 2000, but did not send the petition to its insurers until three months later, on August 23, 2000. *Id.* at 393. Millstone thereafter took no action in the case until almost a year later, on August 1, 2001, when it moved to set aside the April 4, 2001 default judgment. *Id.* at 392. Millstone claimed good cause because its agent "had no recollection of being served." *Id.* However, because "at least four other default judgments had been taken against Millstone, or [the agent], personally" in the three previous years, the court found that Millstone was fully aware of the consequences of default, showing such "disregard for the system" that its default was "more egregious than excusable." *Id.* at 392-93. The court took particular note of Millstone's failure to take any action prior to default. *Id.*

We find the facts here amply support the circuit court's decision to set aside the default judgment. In contrast to the facts of *Krugh*, the circuit court recognized the County's involvement in the case prior to default, specifically its agreement with the

13

District in early December 2021 that it would not withhold further tax disbursements pending final resolution of the District's petition, which resulted in the District's withdrawing its motion for preliminary injunction. There is little doubt that the County was negligent in failing to timely respond to the petition. Ms. Diel testified that she did not calendar the due date (December 30, 2021) for responding to the petition, then she incorrectly assumed she had thirty days to respond to the February 14, 2022 motion for default judgment. At that time, she had just returned from a honeymoon trip and was preparing for a mediation and jury trial on other cases. She moved to set aside the default judgment just two days after it was entered, albeit negligently failing to comply with Rule 74.05(d), which resulted in the motion's denial. The County then filed its second motion just four days later.

As the circuit court stated in the hearing on the second motion, "there is no way Ms. [Diel] recklessly or intentionally tried to impede the judicial process. It was a mistake. It was negligence . . . . There's a lot of turn-over in the office . . . . It will happen to me, it will happen to you." We find nothing in the record to show an abuse of discretion or any action by the County beyond negligence. Despite its failure to respond to the petition, the County was involved in the lawsuit prior to default, working with the District to avoid the time and expense of a hearing on the District's request for a preliminary injunction, which was hardly an effort to "impede the judicial process." Thereafter, it responded immediately to the circuit court's orders.

Where there is "reasonable doubt as to whether conduct was intentionally designed or irresponsibly calculated to impede the work of the courts, it should be

14

resolved in favor of good faith." *Saturn of Tiffany Springs*, 331 S.W.3d at 709. "In a close case, deference must be afforded to the trial court's determination about whether conduct is excusable or reckless." *Id.* at 709-10. If this is a close case, it is only because lawyers are expected to properly calendar deadlines that are imposed by the court rules. But deadlines can slip past even the most skilled lawyers, and their status as lawyers does not automatically elevate the mistake to recklessness. That determination belongs within the discretion of the circuit court, which has the opportunity to judge the credibility of the witnesses. Based on the facts in the record, the circuit court appropriately exercised its discretion in setting aside the default judgment.

Point III is denied.

### Conclusion

The District has failed to show an abuse of discretion by the circuit court in granting the County's motion to set aside the default judgment. The court's order is affirmed and this case is remanded to the circuit court for further proceedings.

_____
Karen King Mitchell, Judge

Edward R. Ardini, Jr., Presiding Judge, and Lisa White Hardwick, Judge, concur.