

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| SHARON CAIN AND RONALD CAIN,<br><br>Respondents,<br><br>v.<br><br>TIMOTHY S. ELLIS,<br><br>Appellant. | **WD86884**<br>**OPINION FILED:**<br>**NOVEMBER 19, 2024** |

**Appeal from the Circuit Court of Boone County, Missouri
The Honorable Jeff Harris, Judge**

**Before Division Four: Anthony Rex Gabbert, Chief Judge, Presiding,
Karen King Mitchell, Judge, Jerri J. Zhang, Special Judge**

Timothy Ellis appeals the judgment of the Boone County Circuit Court. In three points on appeal, Ellis claims the trial court erred in not setting aside a default judgment entered against him. The judgment is affirmed.

## Facts

Sharon and Ronald Cain ("the Cains") filed a petition on September 2, 2022 asserting a claim of negligence against Timothy Ellis. The claim pertained to a motor vehicle accident that occurred in February 2022.[1] The Cains alleged that they suffered

---

[1] The Cains allege that the accident occurred while Ellis was driving a stolen vehicle and fleeing from law enforcement.

physical injuries, pain and suffering, and property damage as a result of Ellis's negligence.[2]

Ellis was served on September 21, 2022 while he was incarcerated in the Missouri Department of Corrections in Jefferson City. Ellis's answer was due on October 21, 2022. He did not file an answer.

On October 26, 2022, the Cains filed an interlocutory motion for order of default judgment. On that same date, they filed a notice of hearing for their motion. The notice stated that the hearing would occur on October 14, 2022, even though that date had passed. The Cains served the notice with the incorrect hearing date on Ellis while he was still incarcerated.

The hearing on the interlocutory motion for order of default judgment was held on November 14, 2022. Neither Ellis nor counsel for Ellis appeared at the hearing. On November 14, 2022, the trial court granted an interlocutory order of default judgment against Ellis by docket entry. Notice of this entry was sent to Ellis on November 14, 2022. On November 15, 2022, the trial court entered a written interlocutory order of default judgment against Ellis and in favor of the Cains.

On December 2, 2022, the Cains filed a motion for order of default judgment against Ellis. Neither Ellis nor counsel for Ellis appeared at the December 12, 2022

---

[2] The Cains allege that Sharon suffered a hemothorax, pulmonary contusions, multiple rib fractures, multiple pelvic fractures, a right tibia fracture, a right fibula fracture, and a right ankle fracture. They allege that Ronald suffered a traumatic brain injury, nasal bone fractures, multiple rib fractures, and multiple fractures of the thoracic spine.

hearing on the motion. The trial court heard testimony from the Cains and from a doctor. The trial court received exhibits into evidence. On December 12, 2022, the trial court entered an order of default judgment against Ellis. The Cains were each awarded $1,500,000 for a total of $3,000,000.

On November 8, 2023, Ellis filed a motion to set aside the default judgment. The Cains filed their response in opposition on November 22, 2023. The trial court held a hearing on Ellis's motion on November 27, 2023. It denied the motion via a docket entry on November 29, 2023. Upon Ellis's request, the trial court entered judgment denying the motion to set aside default judgment on January 11, 2024. The judgment stated the motion was denied "for the reasons articulated by Plaintiffs."

This appeal follows.

**Standard of Review**

"Appellate courts review the judgment overruling the motion to set aside default judgment, not the default judgment itself." *Steele v. Johnson Controls, Inc.*, 688 S.W.3d 192, 196 (Mo. banc 2024). "A judgment overruling a Rule 74.05(d) motion to set aside a default judgment is reviewed for an abuse of discretion." *Id*. at 196-97. "If reasonable persons can differ as to the propriety of the court's action, then it cannot be said that the trial court abused its discretion." *Id*. at 197 (internal quotation marks omitted). "[W]hile disposition on the merits is favored, this general policy must be carefully applied to the facts of each case in the interest of justice; for, the law defends with equal vigor the

3

integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof." *Id.* (internal quotation marks omitted).

## Analysis

Rule 74.05 states in relevant part:

(a) Entry of Default Judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party.
…
(d) When Set Aside. Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside.

The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment.

"Good cause" includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.
…

"Rule 74.05(d) authorizes the [trial] court to set aside a default judgment if the moving party establishes: (1) a meritorious defense to the suit; (2) good cause for failing to respond to the petition; and (3) the motion was filed within a reasonable time not to exceed one year." *Brown v. Pro Basement, Inc.*, 686 S.W.3d 352, 355 (Mo. App. E.D. 2024) (internal quotation marks omitted). "The failure to satisfy any of these elements mandates denial of the motion to set aside the default judgment." *Id.* A motion to set aside a default judgment is not self-proving and must be supported by affidavits or sworn testimony." *Id.*

4

Ellis presents three points on appeal pertaining to the three elements of a motion to set aside a default judgment and whether his motion was properly supported with an affidavit. In his first point on appeal, Ellis claims that his motion was timely filed and demonstrated good cause for delay in filing an answer because he was incarcerated when he was served. In his second point on appeal, Ellis claims that he raised meritorious defenses that were likely to affect the substantive outcome of the case. In his third point on appeal, Ellis claims that his motion complied with Missouri law because an affidavit was attached to support the motion and that the trial court's denial and/or refusal to provide leave to cure any defects constitutes an abuse of discretion.

In his suggestions in support of his motion to set aside the default judgment, Ellis alleged the following:

(1) His motion to set aside the default judgment was made within a reasonable time. A separate declaratory judgment action was pending regarding whether there was insurance coverage for the accident. While that action was pending, the parties put the default judgment on hold. Ellis filed his motion to set aside the default judgment soon after a court determined that there was no insurance coverage for the accident.

(2) Good cause existed to set aside the default judgment because Ellis was incarcerated while the lawsuit was pending. Ellis was unable to retain counsel or file a timely answer because of this incarceration. Further, setting aside the default judgment would not have prejudiced the Cains because the case was in very early stages when the default judgment was granted.

5

(3) Ellis had meritorious defenses to the Cain's petition. He would have asserted the affirmative defense of comparative fault of the Cains or of others. The Cains alleged that Ellis crossed the center line and collided with their vehicle head-on. The Cains may have been comparatively negligent in speeding, failing to keep a careful lookout, and/or failing to take evasive action to avoid the collision. Ellis argued that, because discovery was never completed, he was denied the opportunity to challenge the causation, nature, and extent of the Cains' injuries. He also argued the Cains may have failed to mitigate their damages by failing to seek necessary treatment or failing to comply with medical directives. Ellis stated that he has a defense that the value of any medical treatment could have been limited by section 490.715.[3] The police report indicated no information was gathered regarding the Cains' insurance. Ellis argued this could have limited their noneconomic damages under section 303.390.

Ellis attached two exhibits to his suggestions in support of his motion to set aside the default judgment. First, he attached the summons which was served on him while he was incarcerated. Second, he attached the notice of hearing that stated the incorrect hearing date.

The Cains made several arguments in their response in opposition to Ellis's motion to set aside the default judgment. First, they argued that the motion should be denied because Ellis failed to verify his motion by affidavit or sworn testimony. Second,

---

[3] All statutory citations are to RSMo 2016 as supplemented unless otherwise indicated.

they argued that Ellis's motion was not made within a reasonable time. They stated that there was never an agreement to put the default judgment on hold while the declaratory judgment action was proceeding. Further, the Cains claimed that Ellis waited more than three months after the entry of judgment in the declaratory judgment case before filing the motion to set aside the default judgment.

Third, the Cains argued that Ellis failed to demonstrate good cause. They stated that the conclusory allegation that Ellis was incarcerated did not satisfy the burden to show good cause. Their response argued that Ellis did not explain how his incarceration prevented him from notifying or retaining counsel and that "detainees are liberally permitted to make phone calls while incarcerated and often have further access to internet/mail if required as well." The Cains argued that Ellis had not claimed that he had no means available to him to obtain counsel while incarcerated. The Cains claimed that they would be prejudiced if the default judgment was set aside. They stated they are elderly, aged 86 years old and 79 years old. They also stated that they would likely never recover money from Ellis but were in the process of pursuing a Tort Victims Compensation Fund award. They would not be eligible without a final money judgment against the tortfeasor. Finally, the Cains argued that Ellis lacked a meritorious defense.

The hearing on the motion to set aside the default judgment was made up of argument from the parties. No testimony was given and no evidence was admitted. The parties essentially made the same arguments they had made in their suggestions in support and response in opposition to Ellis's motion.

7

We need not discuss all of these arguments or all three of Ellis's points on appeal, however. The trial court denied the motion for the reasons articulated by the Cains. We find that the trial court did not abuse its discretion in finding that Ellis failed to put forth good cause for not filing an answer to the petition. This is dispositive.

"Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Steele*, 688 S.W.3d at 197 (internal quotation marks omitted) (citing Rule 74.05(d)). "Reckless conduct involves a conscious choice of [a] course of action when the actor knew or reasonably should have known of a serious danger." *Id*. (internal quotation marks omitted). "Unlike the conscious disregard of a serious danger characterizing recklessness, negligent conduct resulting from inadvertence, incompetence, unskillfulness or failure to take precautions may constitute good cause for a default." *Id*. at 197-98. "Intentional indifference, meaning that an individual does not care about the consequences of his or her actions, can also constitute recklessness." *McCroskey v. Singh*, 683 S.W.3d 690, 699 (Mo. App. S.D. 2023) (internal quotation marks omitted). "In other words, recklessness involves a deliberate choice to risk the possibility of a default judgment." *Id*. (internal quotation marks omitted).

Ellis argues that he "demonstrated good cause for failing to timely file an Answer because he was incarcerated at the time he was served and was unable to retain counsel in time to respond." However, Ellis provides no explanation for how being incarcerated prevented him from retaining counsel or filing an answer in response to the Cains'

8

petition.  Ellis does not identify a single step he took in response to being served with the petition.  In his reply brief, Ellis states:

> Respondents claim Appellant gave no explanation why being incarcerated prevented him from retaining counsel.  (Respondents' Brief p. 14).  However, as Appellant set forth at the hearing date, to his incarceration his freedom was restricted, which made it difficult for Appellant retain counsel and timely file an answer. (Tr. 4:17-21).  Contrary to Respondents' assertion, Appellant did not have unfettered access to phone calls, internet, or transportation to court, as is the nature of incarceration.  Further, once claimant was able to retain counsel, and the Declaratory Judgment Action was decided, he was swift in his attempt to set aside the default judgment and pursue this matter on the merits.

The only citation to the record to support these assertions is the citation to lines 17-21 of page 4 of the transcript.  That excerpt reads:

> [Counsel for Ellis]:  Judge, I think we've laid it out pretty well in the motion.  He was in custody at the time he was served and he remains in custody and that's the reason why he was unable to obtain counsel and respond within 30 days of being served.

Ellis essentially argues that being incarcerated is automatically good cause to be in in default in court proceedings.

We disagree.  As the attorney for the Cains argued, Ellis was still incarcerated when he retained counsel and filed the motion to set aside the default judgment.  In response to that argument, Ellis's attorney stated that the default judgment happened quickly, and Ellis "wasn't able until after the judgments had been entered to obtain counsel."  But he did not identify any steps Ellis took to try to obtain counsel before the default judgment was entered.  *Contrast LaRose v. Letterman*, 890 S.W.2d 347, 351 (Mo. App. S.D. 1994) (Defendant argued in relevant part that good cause for failure to file a

responsive pleading existed where he was incarcerated at the time he was served with the petition and where the defendant submitted an affidavit executed by the defendant's mother that "indicated a desire to obtain counsel shortly after service, followed by several unsuccessful efforts to do so.").

The summons stated in relevant part:

> You are summoned to appear before this court and to file your pleadings to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

From the record, it appears that Ellis did not take any steps at all in the thirty days after he was served with the summons and petition. The first action from Ellis reflected in the record is his motion to set aside the default judgment.

The Missouri Supreme Court has stated that cases "in which defendants have been held to have established good cause for failure to file are those, unlike the case at hand, in which the defendants had taken at least some action in their defense within the 30–day period before default." *Krugh v. Hannah*, 126 S.W.3d 391, 393 (Mo. banc 2004). This is not such a case. Ellis's complete inaction with no explanation other than he was incarcerated was reckless.

Ellis also argues that he was not given sufficient notice of the November 14, 2022 hearing on the motion for default judgment because of the incorrect date in the notice. "Missouri courts have been resolute on this issue—once properly served, a party who

defaults is charged with notice of all subsequent proceedings in the case." *Irvin v. Palmer*, 580 S.W.3d 15, 20 (Mo. App. E.D. 2019). "Thus, a party in default has no right to notice of the default proceedings." *Id*. Moreover, Ellis has not claimed that he would have acted if the notice contained the correct date.

The trial court did not abuse its discretion in finding that Ellis failed to show good cause for his failure to respond. Ellis's first point is denied. Because this is dispositive, we need not address his second and third points.

## Conclusion

"We are mindful of [the] argument that our courts recognize the important policies favoring the resolution of lawsuits on the merits and disfavoring default judgments." *KDD Enterprises, LLC*, 664 S.W.3d at 741. "Those policies, however, must be considered together with the countervailing and fundamental policy on which the administration of justice rests – that parties obey and respect orders of the court to appear or respond or otherwise to take some action." *Id*. (internal quotation marks omitted). The judgment is affirmed.

 

 

_____
Anthony Rex Gabbert, Chief Judge

 

All concur.

11